## Moyer Automobile License Case.

Submitted May 24, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Randolph C. Ryder,* Deputy Attorney General, *Leo C. Mullen* and *T. McKeen Chidsey,* Attorney General, for appellant.

*Robert C. Haberstroh,* for appellee.

PER CURIAM, July 6, 1948:

The Secretary of Revenue suspended the motor vehicle operator's license of Ralph Moyer (appellee), because Moyer had permitted Robert Carper to operate Moyer's motor vehicle after Carper's license had been revoked. Moyer appealed to the court of common pleas. The court revoked the Secretary's suspension order. The Commonwealth then appealed.

Section 622 of Art. VI of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS 233, prohibits any person from authorizing or permitting a motor vehicle owned by him to be operated by any person who has no legal right to do so. Section 615 of Art. VI of the Code, as amended, provides that the Secretary of Revenue *may* suspend an operator's license where, inter alia, ". . . such person has committed any violation of the motor vehicle

laws. . . ." Section 616 of the Code provides for an appeal to the court of common pleas. A hearing under such an appeal is *de novo*. The court possesses wide discretion in the administration of justice, according to the evidence and circumstances presented, and its action will not be disturbed on appeal except for manifest abuse of discretion: *Handwerk Automobile License Case,* 348 Pa. 263, 35 A. 2d 289; *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 49 A. 2d 783.

Upon a hearing, the learned trial judge in the court below found as a fact that the appellee had no knowledge or reason to believe that the license of Robert Carper, the operator of appellee's motor vehicle, had been revoked, and did not knowingly violate the provision of the Code. The evidence amply supports the finding of the court below and no error of law appears in the record.

Decree affirmed at appellant's cost.