## Commonwealth v. McNelly

*Coffroth & Boose*, for appellant.
*Archibald M. Matthews*, for Commonwealth.

LANSBERRY, P. J., March 11, 1953.—Effective August 5, 1952, the Secretary of Revenue suspended the motor vehicle operator's privileges of appellant, John P. McNelly, for a period of three months pursuant to the authority vested in the secretary by section 615 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192. The basis for this suspension is contained in subsection (*b*)2 as follows: "That such person has committed any violation of the motor vehicle . . . laws of this commonwealth."

The appeal came on for hearing de novo and at the argument court oral arguments were heard and written briefs submitted.

From the testimony the following pertinent facts appear: John P. McNelly is a resident of Somerset County, and as an individual, is engaged in the business of a school bus contractor. He owned and operated 87 school buses during the school year 1951-52 and had contracts with 32 school districts in the Counties of Somerset, Westmoreland, Fayette, Washington and Allegheny for the transportation of school children in those districts. One of his stations and garages was

located at Ligonier, Westmoreland County, which portion of the business was in charge of the local manager, E. Ray Snyder. He had the authority and responsibility, inter alia, to employ the bus drivers, see that those operators were duly licensed to operate the school buses and see that the buses were in proper mechanical condition and in compliance with the governing statutes and regulations. Joseph D. Clawson was employed by manager Snyder as a school bus operator and operated a school bus from the early part of September 1951 until November 14, 1951. Clawson failed to obtain a school bus operator's certificate as provided by The Vehicle Code, sec. 608.1, as amended, 75 PS §168.1, although he was directed by Snyder to take both the physical examination and driver's test as required by the regulations under the act. Clawson passed the physical examination. He made the trip to Somerset for the purpose of taking the driver's examination but learning that the State Police were not giving the examination on that particular day, he returned to his home and did not return to Somerset for the purpose of taking the driver's examination. On the morning of November 14, 1951, Clawson was assigned by Snyder to operate a certain school bus on his regular run, which bus was not the one usually driven by him. When Clawson was about one half way over his run he discovered the emergency brake was not working but continued over the route. At the top of Menzie Hill he tested and found the foot brake in working order and proceeded down the hill. About midway down the hill, Clawson discovered his foot brake was not working, attempted to shift into a lower gear but was unable to do so, gave notice to the 42 children aboard to hold fast and then ditched the bus. Four of the children received minor bruises and hurts; all others escaped any injury. At the scene of the accident the investigating State Police officer

requested Clawson to produce his school bus operator's certificate, which he could not produce, as none had been issued to him because of his failure to take the special examination for that certificate. Appellant Mc-Nelly, who arrived at the scene after the accident, then and there learned first that Clawson was without the necessary certificate. Upon further investigation it was learned that although the school bus was equipped with a fire extinguisher, the same was not in proper working order and upon further investigation at the garage it was determined the emergency brake equipment of that bus had been defective for some time. Although manager Snyder knew Clawson did not have the school bus operator's license, appellant McNelly at no time prior to the accident knew that fact.

Subsequent to the accident at Menzie Hill, this appellant was arrested and charged with the summary provision of The Vehicle Code, which provides:

"No person shall authorize or permit a motor vehicle . . . owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this Act."

Section 622 of The Vehicle Code of 1929 (75 PS §233).

Without going into a summary hearing appellant McNelly paid his fine of $25 for the violation of the section. Clawson, the bus operator, was arrested for three violations of the code, not having a school bus operator's license, operating a bus with defective brakes and operating a bus without proper fire extinguishing equipment. At the time this appeal was heard neither Snyder nor Clawson were employes of appellant.

Both the official notification of suspension of the motor vehicle operating privileges of John P. McNelly and the certification statement furnished by the department state the reason for the suspension, "Permitting

a violation of the Motor Vehicle Code." It is manifest that the reason the secretary exercised his authority in suspending McNelly's license to operate motor vehicles was that McNelly permitted Clawson to operate a school bus when Clawson did not have the legal right to do so. When the matter came on for hearing de novo, counsel for the Commonwealth proposed to offer testimony as to other violations involving many of the buses owned by Mr. McNelly, which offer was refused, not because those violations if they existed would not be the basis for a suspension, but because no notice whatsoever was given to appellant that those matters would be introduced or considered. Our own interrogation of the witness as to what testimony was heard by the examiner was not because the testimony at that hearing was for our consideration as a part of the record or in any way reviewable by this court in a de novo hearing, but only in an effort to ascertain whether or not this appellant was in any way appraised of the alleged violations of the code for which he was answerable in the full hearing of all parties in this appeal as required by our law. Our exclusion of that proffered testimony was proper under the circumstances. There is another important consideration here. Appellant admitted he had paid fines for similar violations of the code but it must be observed that the secretary has no authority to suspend an operator's license because one may be styled an habitual violator of The Vehicle Code; Commonwealth v. Miller, 67 D. & C. 46.

The issue presented here is this: Where an employer of school bus operators permits a driver to operate a school bus when that employer does not know or has no reason to believe that the employe driver had not been certified as a school bus driver as required by The Vehicle Code and the employer did not knowingly violate the provisions of the code, may the

Secretary of Revenue suspend the employer's own motor vehicle operator's privileges? In Moyer Automobile Case, 359 Pa. 536, it was held that where the operator did not know or have reason to know that the driver of his car had previously had his license revoked, and further, that the operator did not knowingly violate the code, the secretary was without authority to suspend the operator's license privileges. That case governs the instant appeal.

In this record the evidence is clear and is not contradicted and we, therefore, find as a fact, that John P. McNelly did not personally know until after the accident on Menzie Hill that driver Clawson did not have a school bus operator's certificate as required by the 1949 amendment to The Vehicle Code (75 PS §168.1).

This record supports the further finding of fact that John P. McNelly had no reason to know that driver Clawson was not properly certified as a school bus driver. The employer had directed and ordered his Ligonier manager to hire drivers who were properly certified by the department and he had the right to rely upon his manager in carrying out his instructions and in complying with the requirements of the law in the management of that portion of the business. Neither Clawson, Snyder nor the department reported to McNelly that Clawson had not complied with the special certification requirement. Appellant had reason to believe that Clawson was properly certified. The argument is advanced by the Commonwealth's counsel that it was McNelly's personal "duty and obligation to see that the operators of these buses were duly qualified and licensed" because the lives and safety of many children were placed in his care. Indeed, a duty and obligation did rest upon McNelly, but was it his personal duty? The care and safety of those children depended in large measure upon his employes as well

and even more so. In this very record it appears that Clawson, knowing his emergency brake was not working on November 14th, elected to continue over the route instead of returning to the garage before an accident occurred and transferring to another bus. Can it be said McNelly is personally responsible for that indiscreet action on the part of his employe when he had no personal knowledge of the situation. The argument is effectively answered by counsel for appellant when he inquires whether the personal operating privileges of the members of the board of directors of a large corporation employing many drivers are to be suspended when one of the employe drivers violates The Vehicle Code.

We further find as a fact from this record that this appellant did not knowingly violate the provisions of The Vehicle Code.

The same law governs this appeal when the emergency brake and fire extinguisher violations are considered, as appellant had no knowledge of them and had no reason to know the regulations in those regards were being violated.

This court is vested with wide discretion in the administration of justice according to the evidence and circumstances presented in a de novo hearing which is independent of and in no way a review of the record before the administrative officer: Handwerk Automobile License Case, 348 Pa. 263; Commonwealth v. Cole, 350 Pa. 369. In the exercise of that discretion and upon the facts as we find them, we cannot sustain the determination made by the Secretary of Revenue and accordingly enter the following

### Order

Now, March 11, 1953, the appeal of John P. McNelly from the order of suspension is sustained at the cost of appellant, and the Secretary of Revenue is directed to reinstate appellant's motor vehicle operator's privileges.