Walter Motor Vehicle Operator License Case.

Argued March 22, 1961.   Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Clair Groover,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *Anne X. Alpern,* Attorney General, for Commonwealth, appellee.

Opinion by Woodside, J., April 13, 1961:

This is an appeal from an order of the Court of Common Pleas of Union County sustaining an order of the Secretary of Revenue suspending the operator's license of Leon T. Walter for 9 months.

Walter, a truck driver residing in Union County, was involved in an accident in Luzerne County while operating a tractor-trailer. Five people were killed in the accident. Walter was indicted for manslaughter, and after a trial before the court without a jury, he was convicted and sentenced to pay a fine of $500 and serve a term of five to twelve months in jail, but was immediately "paroled on condition he complies".

Having received a certified copy of the record of Walter's conviction of manslaughter growing out of the operation of a motor vehicle, the Secretary of Revenue, after a hearing, suspended his operator's license for 9 months. Walter appealed to the Court of Common Pleas of Union County, and was granted a supersedeas.

At the hearing de novo before the court below, the Commonwealth introduced the certified copy of the licensee's conviction of manslaughter. It also called to the witness stand the appellant who admitted the conviction. The court found that the appellant was found guilty and sentenced on a charge of involuntary manslaughter growing out of an accident in which the

appellant was involved as the operator of a tractor-trailer.

The Vehicle Code of April 29, 1959, P. L. 58, §618(a), 75 P.S. §618(a) provides, inter alia, as follows: "(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

. . .

"(3) That such person has been convicted of manslaughter resulting from the operation of a motor vehicle or tractor."

There is no question that the record establishes that the appellant was found guilty by a judge of manslaughter resulting from the operation of a motor vehicle or tractor. When a licensed operator is found guilty of such offense, the secretary may suspend his operating privilege.

The certification of the conviction was properly admitted by the court below. That was prima facie evidence of the conviction, and sufficient to sustain the order of suspension. The appellant, after admitting the conviction, sought to establish through testimony describing the accident, that he was not guilty of manslaughter. He contends here that the Commonwealth produced no evidence of the accident which indicates that he was not operating legally. It was not necessary for the Commonwealth to convince the Court of Common Pleas of Union County that the facts supported the conviction. That was settled in the criminal case in Luzerne County. The issue was whether the licensee was convicted of involuntary manslaughter resulting from the operation of a motor vehicle or

tractor, and the certification of the conviction was sufficient to enable the court to find that fact.

The appellant contends that the law presumes that he is a competent operator, and that there is no evidence to the contrary. There is evidence of the conviction. The conviction established not only negligence but culpability of the licensee in the operation of his tractor at the time of the accident. The legislature has authorized the secretary to suspend the license of a person convicted of manslaughter resulting from the operation of a motor vehicle. The secretary has suspended the appellant's license, and the court properly sustained the secretary's order.

The appellant argues that he has established his competency by showing that he operated a motor vehicle for 21 years, eight as a truck driver, and had a good driving record. After his conviction, his employer discharged him, but was forced, by a decision of arbitrators, to reinstate him with all rights, back pay and without loss of seniority. This, he contends, also establishes his competency. The action of the arbitrators is not relevent to the matter before us. As to his prior record, President Judge SHOWERS properly observed, "We are not unmindful that the loss of appellant's operator's license will impose a severe burden and hardship upon him, but it must yield before the public interest to safeguard the lives and safety of the public."

Order affirmed.