## De La Rigaudiere License

*James E. O'Neill, Jr.*, for appellant.

*William J. C. O'Donnell*, for Commonwealth.

GAWTHROP, P. J., June 26, 1961. — Guy de la Rigaudiere, Jr., a resident of this County, has appealed from the order of the Secretary of Revenue, entered after hearing, suspending his motor vehicle operating privilege for a period of three months upon receipt of notice from the State of Delaware of his conviction in that State of an offense designated by the secretary thus: "Convicted of to lend operator's license in the State of Delaware which would be a violation of section 624-2 of the Pennsylvania Motor Vehicle Code" . . .

The Vehicle Code of April 29, 1959, P. L. 58, sec. 618, 75 PS §618, provides for various categories of suspension by the Secretary of Revenue of operating privileges of licensees. Subsection (*a*) thereof, inter alia, *permits* suspension *with or without* hearing upon receipt of a record of a plea of guilty or nolo contendere to, or of conviction by a judge or jury in a *court of record* in Pennsylvania of, certain specified offenses. Subsection (*a*.1) *requires* suspension *with or without* hearing upon receipt of proceedings in which a licensee pleaded guilty or nolo contendere to, or was convicted in a *court of record* of, racing on a highway. Subsection (*b*) permits suspension *after hearing and a finding made upon sufficient evidence* of the existence of specified circumstances, one of which is the commission of any violation of Pennsylvania law relating to vehicles. Subsections (*c*), (*d*) and (*f*), respectively, *permit* suspension without reference to hearing, and therefore automatically, for unpaid license fees, in cases of nonresident operators for the same causes as resident operators and, upon certification, request or order of any court or commission authorized by law to make the same.

Subsection (*e*), here pertinent, *permits* suspension only *after hearing.* It provides:

"The secretary is hereby *authorized after a hearing* . . . to suspend the operator's license . . . of any person licensed in this Commonwealth, upon receiving notice of the conviction of such person in another state of an offense therein which, if committed in this Commonwealth, would be grounds for the suspension or revocation of the license of an operator." (Italics supplied.)

The alleged foreign State violation here involved, if committed in Pennsylvania, would have been a violation of section 624 (2) of the code. Section 618 (*e*) makes suspension thereunder determinable in the first

instance by the secretary. His action, however, may not be arbitrary, and the licensee is protected against arbitrary action by the provisions of section 620 which afford him recourse to the courts on appeal from the secretary's order and prescribe the functions and duty of the courts on appeal. That duty is not merely to determine whether the secretary had the authority to suspend, but whether upon the evidence heard de novo the licensee is "subject to suspension," i.e., whether the secretary should have ordered the suspension: Commonwealth v. Wagner, 364 Pa. 566; Commonwealth v. Funk, 323 Pa. 390.

In the exercise of his authority, the secretary suspended appellant's operating privileges for three months based upon notice received from the Assistant Commissioner, Motor Vehicle Department, State of Delaware, of appellant's conviction before a magistrate in that State after hearing held upon a plea of *not guilty*, and subsequent payment of fine and costs for an offense charged against him in Delaware which would have been a violation of the provisions of The Vehicle Code of Pennsylvania had it occurred in this Commonwealth. On appeal, appellant gave evidence which, if believed, would substantiate a finding that he was not guilty of the offense charged in Delaware, that he pleaded not guilty thereto at a hearing before a Delaware magistrate, and that he paid the fine and costs imposed in Delaware only after entry of judgment of conviction and when told by the Delaware magistrate that he was guilty under Delaware law of lending to or knowingly permitting a person not entitled to do so to use appellant's license because appellant did not have the license on his person. We credit defendant's testimony to that effect, corroborated in part by the contents of the notice itself showing the plea of not guilty and subsequent conviction.

The hearing on appeal in such cases is de novo and

the court possesses wide discretion in the administration of justice, according to the evidence and circumstances presented, to decide the matter: Moyer Automobile License Case, 359 Pa. 536; Commonwealth v. Emerick, 373 Pa. 388. It is not the court's province merely to determine whether the secretary abused his discretion: Commonwealth v. Eisenmenger, 365 Pa. 127, 131. Where, as here, the evidence of the Commonwealth is *disputed* and there is credible conflicting testimony the hearing judge must make findings of fact and exercise his discretion whether or not a suspension should stand: Emerick Case, supra, at 395, 397; Commonwealth v. Strobel, 378 Pa. 84. The duty of the court to determine whether the petitioner is subject to suspension of his operator's license requires the court to "determine anew whether the operator's license should be suspended:" Commonwealth v. Funk, supra, at 399. As the present Chief Justice has said: "Thus, the merit of the suspension was early recognized by this court as being a matter for the hearing court's independent determination. And, that ruling, we have ever since uniformly followed and applied:" Commonwealth v. Wagner, supra, at 569.

The cases above cited did not involve the application of section 618(e). Logically and in principle, however, no sound reason appears why the merits of a foreign State conviction should not be considered by the court on appeal equally as much as those involved in a similar conviction before a Pennsylvania magistrate. There is no sanctity in the notice from Delaware which gives it higher standing than that to which the record of conviction before a Pennsylvania magistrate is entitled. Therefore, unless the express language of section 618(e) provides otherwise (and clearly it does not), or the decisions of our appellate courts have so determined (and they have not), or unless the legislative intention to be gathered from the provisions of

the code as a whole appears to the contrary (and we believe it does not), appellant is entitled to have considered, and it is the duty of the court of common pleas to determine, the merits of his case which resulted in the foreign State conviction.

Appellant pleaded not guilty in Delaware but was convicted in an adversary proceeding. He paid his fine and costs only after conviction in a court not of record held some distance from his home, and only after being told by the Delaware magistrate that he was guilty of the Delaware offense because he did not have his operator's license in his personal possession. Such a situation is far different from one in which an operator either pleads guilty or voluntarily pays a fine and costs in the foreign State. Payment of fine and costs after conviction in Delaware, in the light of the magistrate's statement to him, is not an admission of guilt but is at least equally consistent with the position that to do otherwise would involve considerable additional expense in money and loss of valuable time from business and other affairs. Furthermore, practical experience perhaps would indicate that any result other than conviction in a magistrate's court of a foreign State in a matter of this type would hardly be expectable.

In a recent case involving suspension in Pennsylvania upon the secretary's receipt of notice of conviction in another State, the language of the Superior Court's opinion would seem to confirm this view. In Commonwealth v. Halteman, 192 Pa. Superior Ct. 379, at 385, it was said:

"It is necessary in appeals of this type for the Commonwealth to put into evidence the notice of conviction. When this is done the Commonwealth has made out a *prima facie case*, and acting upon it, the secretary and the court may suspend the license. The licensee must be given the opportunity to be heard. He has the right not only to deny that he was convicted,

but also to present evidence of the *circumstances of the alleged violation*, and of *other matters* which might *mitigate the offense*. After the hearing, . . . the secretary, and upon appeal the court, may impose a suspension. . . ." (Italics supplied.)

Establishment of only a prima facie case by offering in evidence the notice presupposes that appellant may offer evidence to rebut it. And if in so doing he may not only disprove the conviction but also show the circumstances of the *alleged* violation and other matters to *mitigate the offense* charged against him in the foreign State, those circumstances necessarily go to the merits of that case. Reference to the *alleged* violation implies that on the hearing de novo the court may determine upon the evidence presented whether or not he was guilty of any offense in the foreign State. This is consistent with the duty of the court as defined in the decisions of the Supreme Court above cited. Webster's International Dictionary, Second Edition, defines "mitigate" as meaning to mollify, to moderate, to make or become less severe; as to *mitigate* a punishment or *an offense*. As used in context in the Halteman case we consider the words "mitigate the offense" to mean to determine the guilt or innocence of the licensee. The court of common pleas has no power to *mitigate the penalty imposed*. Its only power is to determine whether the licensee is subject to suspension of his license and in so doing either to sustain or reverse the secretary's order of suspension. If it determines anew that he is not subject to suspension, it must reverse the secretary's order and direct reinstatement of his operating privilege: Commonwealth v. Moogerman, 385 Pa. 256. By that action it mitigates the offense.

The recent decision in Walter Motor Vehicle Operator License Case, 195 Pa. Superior Ct. 66, is distinguishable and not controlling. It involved the provi-

sions of section 618(a) and a suspension based on certification of the record of Walter's conviction of involuntary manslaughter, resulting from operation of a motor vehicle, by a judge of the Court of Quarter Sessions of Luzerne County, offered in evidence at the hearing de novo in Union County. There it was held that production by the Commonwealth of evidence of the circumstances of the offense was unnecessary; that the record of conviction in a court of record in Luzerne County established a prima facie case to support the order of suspension. The present situation is substantially different. . . .

### Order

And now, June 26, 1961, the appeal is sustained. The order of the Secretary of Revenue suspending the operator's license of Guy de la Rigaudiere, Jr., is reversed, and the Secretary of Revenue is directed to reinstate said operator's license.