## Lingle Appeal

*Bailey, Pearson, Miller, & Bolton*, for appellant.

*John P. Harrington*, Deputy Attorney General, for Commonwealth.

HERMAN, J., September 27, 1961.—We have before us the appeal of Marlin D. Lingle from the suspension of his motor vehicle operator's license by the Secretary of Revenue of the Commonwealth of Pennsylvania, in an exercise of the authority conferred by section 618 of The Vehicle Code Act of April 29, 1959, P. L. 58, as amended, 75 PS §618.

On April 1, 1960, appellant executed two applications for certificate of title (form no. RVT-2). Shortly thereafter he was arrested by Trooper Harris Baysore, of the Pennsylvania State Police, and charged with making a misstatement of fact on each of the two applications. On April 7, 1960, after a hearing before an alderman, he was found guilty and ordered to pay a fine and costs on each of the two charges.

On July 1, 1960, we allowed his appeal from those convictions and, after a hearing on July 11, 1960, we sustained the convictions.

On November 16, 1960, he appeared at a hearing before a representative of the Department of Revenue, after which his operator's license was suspended for a period of one year, beginning January 27, 1961.

On January 26, 1961, upon presentation to us of his petition, we granted a supersedeas and set February 13, 1961, as the date of the hearing by this court.

After taking testimony on that date, we make the following

### Findings of Fact

1. Marlin D. Lingle is the proprietor of a used car sales and truck rental business, located on Route 230, approximately three miles west of Middletown, Dauphin County.

2. On April 1, 1960, it came to the attention of Harris Baysore, a Trooper of the Pennsylvania State Police, who was on duty checking garages and inspection stations, that Marlin D. Lingle had applied for

certificates of title for motor vehicles which had been purchased by Lingle in the State of New York and which had been used as taxicabs in that State.

3. Block no. 4, of the application for certificate of title used by the Pennsylvania Department of Revenue, requires the applicant to indicate the "Type of Vehicle (Passenger, Truck, Motor Cycle, Motor Bicycle, Mot. Bus, Mot. Omnibus, Taxi or X-Taxi)" for which a certificate of title is being applied.

4. In the blank space for the statement required in block no. 4 of the applications in question, the word "Pass" had been placed by one David B. Shank, notary public.

5. The said David B. Shank, an automobile salesman and notary public of eight years' experience, who for a number of years had prepared upwards of 800 automobile title forms each year, and who for some time had done title work for Lingle, with full knowledge of the fact that the applications concerned vehicles that had been used as taxicabs in New York State, filled in the applications in preparation for Lingle's signature.

6. In signing the applications, Marlin D. Lingle relied upon the knowledge and experience of David B. Shank who, in turn, honestly and reasonably believed that the applications had been completed in a correct manner, having been so advised by personnel of the Motor Vehicle Bureau, Pennsylvania Department of Revenue.

7. Trooper Baysore arrested Marlin D. Lingle for violation of section 624(8) of The Vehicle Code.

8. Marlin D. Lingle had held himself out to the public as a dealer in used taxicabs; the vehicles in question were plainly identifiable as such, and no member of the public could have been led to believe that the vehicles were other than used taxicabs.

9. Lingle did not knowingly violate section 624(8) of The Vehicle Code, and had no fraudulent intent in completing the applications as he did.

10. Lingle's operator's driving record discloses that he was convicted of following too closely, in March 1958, for which his operator's license was suspended for one month; of a stop sign violation in March 1958; of an inspection sticker violation in June 1958; of speeding (60 MPH in a 50 MPH zone) in November 1958; and of reckless driving in October 1959, for which his operator's license was again suspended for a period of one month.

11. There have been no other charges concerning his conduct as a driver or dealer in motor vehicles and his dealer's license has never been suspended or revoked.

### Discussion

Section 620 of The Vehicle Code, supra, provides for the appeal from a suspension by the Secretary of Revenue, and directs the court of common pleas to take testimony and examine into the facts of the case ". . . and to determine whether the petitioner is subject to suspension of operator's license," and the cases direct us to hear the matter de novo: Commonwealth v. Emerick, 373 Pa. 388 (1953); to make independent findings of fact, and to exercise our discretion as to whether a suspension is proper. Our jurisdiction extends only to the question of whether a suspension is justified by the evidence, and does not extend to the penalty: Commonwealth v. Jost, 74 Dauphin 22 (1959).

Section 624(8) of The Vehicle Code, supra, provides that it shall be unlawful for any person to "make a false statement, or conceal a material fact, or *otherwise commit a fraud* in any application." *

---

* Emphasis throughout ours unless otherwise indicated.

Though we are not here concerned with appellant's guilt or innocence of the violations of the above section of which he stands convicted, we are convinced by evidence fully presented in this case but not presented to the court at the hearing on his appeal from those convictions, that appellant's violations of that section were the result of an honest and reasonable mistake and in no way fraudulent.

And, although we do not here determine whether fraudulent intent is a necessary ingredient of the offense defined in section 624(8), we are obliged to call attention to the fact that all of the specifically prohibited acts have the connotation of fraud and the final "catch all" clause adds further strength to the belief that fraudulent intent may be necessary, for it reads, "or otherwise commit a fraud in any application." In any event, we are convinced that this appellant should not suffer the further penalty of suspension of his driving privileges for this innocent violation which occurred, even though he attempted to follow what he considered to be the best advice available.

In the Moyer Automobile License Case, 359 Pa. 536 (1948), the court sustained a decree of the Court of Common Pleas of Blair County, which revoked the suspension order of the Secretary of Revenue where the suspension was predicated upon the appellee's having *unwittingly* permitted an unqualified driver to operate his automobile, a violation of section 622 of The Vehicle Code of 1929, now section 626 of The Vehicle Code. The court there must have regarded as not of minor significance the fact that the violation involved was of an innocent nature.

And, though not the law, we cannot fail to take notice of the statement which appears above the schedule of penalties effective March 1, 1960, published by the Department of Revenue, Bureau of Traffic Safety,

and which, by stipulation, was read into the record. Said statement provides:

"This is Pennsylvania's new schedule of penalties for violations of the Motor Code. It demands careful, prudent *operation* of motor vehicles. Under the provisions of this new driver improvement program, the irresponsible driver and the habitual offender will be dealt with severely. Only a small percentage of our driving population, those who endanger life and limb through reckless operation, will experience suspension or revocation of their driving privileges. The cautious, courteous, careful drivers have nothing to fear."

An examination of appellant's driving record discloses that his license has been twice suspended for operating his vehicle in violation of The Vehicle Code, and that record does not dispose us to grant him more than the strictest consideration in this appeal. But we will scrutinize closely a suspension which is predicated, as here, upon a violation of a section of The Vehicle Code which was promulgated for purposes other than the protection of users of our highways from the unlawful operation of motor vehicles. We recognize the fact that in the L. H. Heffelfinger Appeal to no. 111, Commonwealth docket, 1961, this court reached a different conclusion, but we feel that the facts in the instant case are quite different and require the conclusion here reached.

This court is vested with wide discretion in the administration of justice according to the evidence and circumstances presented in a de novo hearing which is independent of and in no way a review of the record before the administrative officer: Handwerk Automobile License Case, 348 Pa. 263 (1944) ; Commonwealth v. Cole, 350 Pa. 369 (1944). In the exercise of that discretion and upon the facts as we find them, we cannot sustain the determination made by the Secretary of Revenue, and accordingly enter the following

*Order*

And now, September 27, 1961, the appeal filed herein from the order of the Secretary of Revenue suspending the motor vehicle operating privileges of appellant is hereby sustained. The suspension of operating privileges for a period of one year by the Secretary of Revenue is hereby revoked.

