## Commonwealth v. Gmuer

*Frank M. Perna,* for Commonwealth.

*Francis X. Hope, Jr.,* for appellant.

RILEY, J., November 19, 1962.—A hearing has been held before us upon the appeal of Walter L. Gmuer from the suspension of his operator's license by the Secretary of Revenue with the following facts established by the evidence:

1. Appellant was the owner of a motor vehicle being operated by one Joseph Frezzo in Lancaster County on November 29, 1961.

2. Appellant was a passenger in the motor vehicle and occupied the rear seat.

3. State troopers, operating a radar check, clocked the vehicle at a speed of 60 miles per hour in a 50 mile per hour zone.

4. Joseph Frezzo, the operator, was charged with a speeding violation and appellant with the violation of

section 626 of The Vehicle Code, namely, permitting a violation of the code to occur.

5. Appellant has been a licensed driver for 51 years with no record of any motor code violations.

6. Appellant operates his car in business as an employe of the American Mushroom Institute, his employment requiring him to call personally upon members of the association in some 20 States and his operation of a car is necessary to his employment.

7. The Secretary of Revenue issued a notice suspending appellant's operator's privilege for a period of 60 days based upon his alleged violation of section 626 of the code.

8. Appellant was asleep in the rear seat of his car at the time of the speeding violation.

*Discussion*

The determining and conclusive factor in the case before us is that the Commonwealth has failed to establish any violation of section 626 of The Vehicle Code of April 29, 1959, P. L. 58. We are unable to determine as a fact any knowledge of the speeding or any circumstances from which such knowledge or any duty to acquire such knowledge might be inferred. The trooper could not unequivocally place appellant in either the front or back seat of his car and did testify that one of the three parties in the car occupied the rear seat when he stopped them. Appellant testified that he was tired, for which reason he had requested Joseph Frezzo to drive, and occupied the rear seat because Frezzo was short and moved the seat forward to drive whereas appellant is tall, a visibly evident fact, and was more comfortable with the greater leg room in the rear. The Commonwealth has cited no appellate authority and we have found none to substantiate the Commonwealth's position that the mere presence of an owner in a car renders him responsible for any and all motor violations of the driver. In the absence of appel-

late construction dictating otherwise, we are not in accord with the conclusion of the 1935 decision in Mc-Nellis' Appeal, 24 D. & C. 316, holding in effect that the legislature intended to impose the duty of affirmative supervision by the owner over the operation of his car by another regardless of whether that operator is a licensed driver and otherwise fully qualified to drive an automobile upon the highway. The legislative prohibition is: "No person shall *authorize* or *permit* [Italics supplied] a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any provisions of this act".

We do not read into this language an intent to make the fact of ownership or mere presence of the owner the decisive factor of guilt. To "authorize" or "permit" connotes some affirmative assent to the illegal acts whether by conduct or otherwise and, without a clearer expression of such intent, we do not construe their meaning to require a person who places his vehicle under the operation of a duly licensed driver to be constantly vigilant and in active control lest some traffic regulation be violated.

A second and equally cogent reason exists to sustain the appeal before us upon which there is controlling appellate authority. Even were appellant guilty of a technical violation of The Vehicle Code, such a violation as here averred is not of sufficient severity to warrant a suspension of license. It is within the purview of this court to examine the merit of suspension and prevent abuse of the discretionary power accorded the Secretary of Revenue: Commonwealth v. Funk, 323 Pa. 390; Commonwealth v. Cronin, 336 Pa. 469; Handwerk Automobile License Case, 348 Pa. 263; Commonwealth v. Wagner, 364 Pa. 566. The facts and circumstances before us in this appeal evidence a clear abuse of discretion on the part of the secretary. As pointed

out by the Supreme Court in Moyer Automobile License Case, 359 Pa. 536, where there is no evidence that the appellant "knowingly" permitted a violation of the code, a reversal of license suspension is the appropriate action of the court on appeal. The regulations relating to suspension of licenses promulgated by the secretary himself predicates suspensions for violations of section 626 upon "*Knowingly* permitting a violation. . . ." (Italics supplied.) In addition to the fact of no knowledge of appellant of the alleged violation, we find this to be the first violation by appellant (if it be such) of The Vehicle Code in 51 years of driving an automobile and that he has need of his operator's license in the conduct of his livelihood, factors which should be given consideration before imposition of suspension and apparently were not.

We have not considered the length of suspension as a factor in this determination. We cannot refrain, however, from pointing out the period of suspension, 60 days, as indicative of the scarcity of attention apparently accorded to the merits of the suspension in relation to severity of the violation charged. To apply the secretary's own recommended suspension schedule to the operator who committed the basic violation, he would for a first offense in due course receive a warning under these circumstances, a speeding violation not in excess of ten miles per hour above the limit. However, a 60 day suspension is imposed upon the party who did not commit the basic violation but at the most was guilty of merely permitting it to happen. Further comment on this point we deem to be unnecessary.

It is our conclusion that no violation of The Vehicle Code has been shown to have been committed by appellant, as something more need be shown to exist than the mere presence in the car of the owner or person in control to constitute the offense of "permitting operation in violation" of the code. We further conclude

that, even were the acts here sufficient to constitute a violation of the code, under the facts as found, namely, a first offense in 51 years of driving, a permitted violation consisting of a speed not exceeding ten miles over the limit, no knowledge of the primary violation on the part of appellant and a serious need of an operator's license in his business, a suspension of appellant's operator's license was not warranted.

### Order

And now, November 19, 1962, the appeal of Walter L. Gmuer from the suspension of his operator's license by the Secretary of Revenue is hereby sustained and said license is ordered restored forthwith.