## Wigham License

*James Fitzcharles, 3rd,* for appellant.
*William H. Eastburn, 3rd,* for Secretary of Revenue.

BIESTER, P. J., December 27, 1963.—This is an appeal by William Edwin Wigham from an order of the Secretary of Revenue suspending his operating privileges for a period of three months by reason of an alleged violation of section 626 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS § 626, declaring it to be unlawful to permit a violation of that statute. After hearing de novo, we make the following

## Findings of Fact

1. Appellant, William Edwin Wigham, is a resident of Falls Township, Bucks County, and the holder of a Pennsylvania operator's license.

2. On April 3, 1962, appellant permitted one William Benfield of Bristol, Pa., to operate a motor vehicle owned by appellant's wife.

3. At the time of so operating the vehicle, William Benfield was not the holder of a valid Pennsylvania operator's license.

4. On the same day, to wit, April 3, 1962, appellant was arrested by a member of the Bristol Borough Police Department and charged with permitting a violation under section 262 of The Vehicle Code and voluntarily paid a fine, after hearing before a justice of the peace.

5. Appellant did not know, and had no reason to suspect, that Benfield was not, in fact, licensed to operate a motor vehicle.

6. After hearing, as provided by law, the Secretary of Revenue on May 16, 1963, entered an order suspending appellant's operating privileges for a period of three months from May 23, 1963, by reason of the alleged violation.

7. The within appeal from said order of suspension was filed on May 23, 1963, and made a supersedeas.

8. Upon consideration of the evidence presented at the hearing before the court, we are satisfied that appellant did not knowingly violate the section in question.

## Discussion

On the day of the alleged violation, appellant was the proprietor of an automobile repair shop. Benfield, an occasional employe, who lived near the shop, assisted appellant in towing a motor vehicle from the shop for a distance of approximately one mile. While doing so, Benfield was stopped by a Bristol Township police

officer in appellant's view and, after some inquiry, was allowed to proceed with the operation of the vehicle. After delivering the towed car, on the return trip to the repair show, Benfield requested permission to drive the Wigham automobile, and, upon being stopped by a policeman, it was ascertained that the license of Benfield was not such as to permit him to operate a vehicle in this Commonwealth. Prior to the day of the occurrence, appellant had observed Benfield operating a motor vehicle almost daily and, in addition, had twice inquired whether Benfield had a valid operator's license. On both occasions, Benfield told Wigham he did have an operator's license, and on one occasion displayed to him a license in his wallet issued from the State of North Carolina.

Although it may be that appellant was in technical violation of the act in question: Commonwealth v. Dunmoyer, 54 D. & C. 492; we see no necessity to decide his guilt or innocence of violating the section in question for, at most, we are convinced that, if there was such a violation, it was inadvertent, unintentional and not of such a nature as to justify the suspension of his license: Moyer Automobile License Case, 359 Pa. 536; Commonwealth v. Gmuer, 29 D. & C. 2d 689. We may also observe that the schedule of suspensions and revocations promulgated by the Secretary of Revenue sets forth the term of suspension for "knowingly permitting a violation," thus, at least by inference, recognizing that knowledge of the violation is a factor to be considered in determining whether appellant's license should be suspended.

Under the facts of this case, we believe that the Secretary of Revenue was not justified in suspending appellant's license and, therefore, make the following

*Order*

And now, to wit, December 27, 1963, the within appeal is hereby sustained, and the order of the Secretary

of Revenue suspending the operating privileges of appellant, William Edwin Wigham, for a period of three months is hereby vacated, overruled and reversed.