## Commonwealth v. Dunn

*Sidney H. Weiss,* for appellant.
*P. Richard Klein,* for Commonwealth.

GAWTHROP, P. J., November 20, 1964. — This is an appeal from an order of the Secretary of Revenue suspending for three months the operating privileges of William H. Dunn for violation of section 626 of The Vehicle Code of 1959, P. L. 58, 75 PS §626, which prohibits an owner's authorizing or permitting a motor vehicle owned by him to be operated by any person who has no legal right to do so. From the evidence at a hearing de novo we make the following

## Findings of Fact

1. About 12:30 a.m. (EST) on October 5, 1963, appellant, the owner of a motor vehicle, was a passenger therein while it was operated on Route 23 in South Coventry Township, Chester County, by one Rocco Kovoto, then 16 years of age and the holder of a Pennsylvania junior operator's license.

2. Appellant was not related, nor did he stand in loco parentis, to Kovoto.

3. Appellant had celebrated his birthday, October 4, 1963, by drinking alcoholic beverages in Pottstown and Stowe, Pennsylvania, during the previous evening, and realizing that he might be unfit to operate his car, sought out Kovoto in a poolroom in Pottstown and persuaded Kovoto to drive him and his car home to Coventryville in this county.

4. Appellant had known Kovoto for a time before this date but had never talked to him about his age. However, he had reason to believe from his general appearance and from earlier business relationships that Kovoto had not attained the age of 18 years and had no legal right to operate the vehicle at the time in question, but never inquired of him as to his age or what type of operator's license he held.

5. Appellant voluntarily paid a fine and costs for the violation charged. He also received a departmental hearing after which notice of suspension was sent to him.

6. Appellant's license was previously suspended for speeding about one year earlier.

## Discussion

Whether appellant knowingly violated the law in that he knew or had reason to believe that Kovoto was under 18 years of age and therefore, as the holder of a junior operator's license, had no legal right to operate the car at the time and in the existing circumstances is the crux of this case. Only if he knew or had reason

to believe that to be so was he guilty of violating the provisions of the code, and the burden of proof of that fact is on the Commonwealth: Moyer Automobile License Case, 359 Pa. 536; Commonwealth v. Pyzia, 52 Luz. 199.

It is clear under the circumstances that appellant had ample reason to believe Kovoto was under 18 years of age and as the holder of a junior operator's license had no legal right to operate the car. Having seen Kovoto, then 17 years of age, when he appeared before us as a witness, and considering that appellant in asking him to drive the car chose the lesser of two evils, it seems clear to us that Dunn knowingly violated section 626 of the code, by permitting Kovoto, who had no legal right under section 604.1(c) of the code, supra, 75 PS §604.1(c), to operate the car. His license is thus subject to suspension under section 618(b)(2) of the code.

## Conclusions of Law

Appellant violated the provisions of section 626 of The Vehicle Code by knowingly permitting one who had no legal right to do so to operate appellant's car.

## Order

And now, November 20, 1964, the within appeal is dismissed and the order of the Secretary of Revenue suspending the operator's license of William H. Dunn for a period of three months is affirmed and reinstated.

Appellant for costs.