## Fetter License

*Frederick Wolf*, for appellant.

*Joseph M. Hill*, for Commonwealth.

GATES, P. J., March 20, 1967.—This is an appeal

from the suspension of petitioner's operating privileges for a period of one year as a result of his conviction for operating a motor vehicle during suspension.

## FINDINGS OF FACT

1. On February 14, 1966, petitioner was apprehended for operating during suspension on the Pennsylvania Turnpike in East Providence Township, Bedford County, Pa.

2. On May 2, 1966, petitioner appeared in the Criminal Courts of Bedford County, entered a plea of guilty to the charge of operating during the period of suspension, and was sentenced to pay a fine, costs, and to undergo a period of six months' probation.

3. On July 15, 1966, the Secretary of Revenue issued his official notice of withdrawal of motor vehicle privileges because he received certification from the clerk of the court of Bedford County that petitioner had been convicted of operating during the period of suspension in violation of section 624(6) of The Vehicle Code of April 29, 1959, P. L. 58.

## DISCUSSION

Section 618(a) of The Vehicle Code provides that the Secretary of Revenue may suspend the operating privileges of any person, with or without a hearing before the secretary, upon receiving notice of proceedings in which an operator pleaded guilty to a misdemeanor provision of The Vehicle Code.

The evidence before us establishes that the Secretary of Revenue did receive a certification from the clerk of court of Bedford County that petitioner entered a plea of guilty and was sentenced for violating the misdemeanor provision of The Vehicle Code, section 624(6), operating during suspension. Thus, a prima facie case in support of the suspension has been made out: Walter Motor Vehicle Operator License Case, 195 Pa. Superior Ct. 66.

Petitioner thrusts forth an ingenious contention. He argues that, effective March 21, 1962, his operating privileges were suspended for a period of seven months. Consequently, he submits that after October 21, 1962, he was no longer under suspension, and it was perfectly legal for him to operate a motor vehicle thereafter in Pennsylvania with an Ohio operator's license. However, the evidence and the testimony clearly convinces us that petitioner was never a resident of the State of Ohio. Even if he were, he could not operate on highways of this Commonwealth until his privileges were restored by the Commonwealth.

Petitioner's argument confuses the concept of operating privilege with operator's license card. Section 624(6) of The Vehicle Code makes it unlawful for any person to operate a motor vehicle upon the highways of this Commonwealth after the operating privilege is suspended and before such operating privilege has been reinstated. It is a misdemeanor to operate a vehicle during this span of time.

The records of the secretary indicate that the operating privileges of this petitioner were suspended on March 21, 1962, and not again restored until May 12, 1966. Even if petitioner had a valid out of State operator's license during this period, it was unlawful for him to operate a motor vehicle on the highways of this Commonwealth. Inasmuch as the offense occured on February 14, 1966, several months prior to the restoration of petitioner's privileges, the action of the Secretary was not only lawful, but proper and indicated.

Therefore, after due and careful consideration, we will make the following

ORDER

And now, to wit, March 20, 1967, the petition for appeal is dismissed, and the Secretary of Revenue is directed to restore the suspension order.