**Donna K. GADE; Elizabeth W. Gade**

v.

**Istvan (Steven) J. CSOMOS; Abeloff Pontiac, Inc.; General Motors Acceptance Corporation, Donna K. Gade, Appellant.**

No. 93–7101.

United States Court of Appeals, Third Circuit.

Argued Aug. 30, 1993.

Decided Oct. 6, 1993.

Gerard J. Geiger (argued), Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, P.C., Stroudsburg, PA, for appellee Abeloff Pontiac, Inc.

John B. Day (argued), David L. Rohde, Philadelphia, PA, for appellee General Motors Acceptance Corp.

James V. Pyrah, III (argued), Joseph A. Quinn, Jr., Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes–Barre, PA, for appellant Donna K. Gade.

Marguerite C. Gualtieri, Cherry, Ferrara, Mutzel, Belefonte, McFadden & Wesner, Media, PA, for amicus curiae Pennsylvania Trial Lawyers Ass'n.

Before: BECKER, NYGAARD, and ALITO, Circuit Judges.

## OPINION OF THE COURT

ALITO, Circuit Judge:

Donna K. Gade and her mother filed a three-count complaint in federal court based on diversity of citizenship, seeking to recover damages resulting from an automobile accident with a vehicle operated by defendant Istvan (Steven) J. Csomos. The complaint alleged that Csomos was careless, negligent, and reckless. The complaint also alleged that Abeloff Pontiac, Inc. and General Motors Acceptance Corporation (GMAC) had leased Csomos the vehicle he was driving, and that they had retained ownership interests in the vehicle. Count I asserted a claim against Csomos. Count II asserted a claim against Abeloff and GMAC under 75 Pa. Cons.Stat. § 1574. Count III asserted a claim against the same two defendants for negligent entrustment.

The district court granted summary judgment against the defendants on count I, but the court granted summary judgment for the defendants on counts II and III. With respect to count II, the court held that Abeloff and GMAC were not liable under 75 Pa.Cons. Stat. § 1574 because they neither knew, nor had reason to know, that Csomos's license had been suspended.[1] With respect to count III, the court held that the summary judgment record could not support a finding of negligent entrustment on the part of Abeloff or GMAC. Donna K. Gade then took this appeal, contesting the district court's decision on count II.

■ The statute upon which count II was based, 75 Pa.Cons.Stat. § 1574, states the following:

(a) *General Rule.*—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven upon any highway by any person who is not authorized under this chapter or who is not licensed for the type or class of vehicle to be driven.

(b) *Penalty.*—Any person violating the provisions of subsection (a) is guilty of a summary offense and shall be jointly and severally liable with the driver for any damages caused by the negligence of such driver in operating the vehicle.

As we noted earlier, the district court held that a vehicle owner cannot be subject to civil liability under subsection (b) unless the owner knew, or had reason to know, that the person whom the owner authorized or permitted to use the vehicle did not hold a valid license. By contrast, the appellant contends that civil liability under subsection (b) does not require proof of knowledge, reason to know, or any other level of culpability.[2] Since this is a diversity case, our role is to attempt to predict how the Supreme Court of Pennsylvania would decide this question of statutory interpretation. While acknowledging that the question is a close one, we predict that the Supreme Court of Pennsylvania would hold that civil liability under subsection (b) requires proof of some degree of culpability on the part of the vehicle owner with respect to the question whether the person whom the owner allows to use the vehicle possesses a valid license.

Subsection (a) of the statute sets out a "[g]eneral [r]ule," and subsection (b) provides that any one who violates this "[g]eneral [r]ule" is subject to two consequences: conviction for a summary offense and civil liability for damages caused by the negligence of the driver. Thus, one obvious feature of the statute is that the elements needed for conviction of the summary offense are the same as those needed for the imposition of civil liability. We therefore turn to the question whether knowledge, reason to know, or any other type of culpability is needed for the summary offense.

Under 18 Pa.Cons.Stat. § 302(c), when a statute does not prescribe the culpability needed for conviction of a particular offense,

---

**1.** The district court noted that Abeloff had asked for and received Csomos's driver's license number, that Abeloff had verified Csomos's insurance coverage, and that all of this information had been passed on to GMAC. The appellant has not argued on appeal that there was a genuine issue of fact as to whether Abeloff knew or should have known that Csomos's license had been suspend-

ed, and our opinion should not be interpreted as expressing any view on this question.

**2.** We use the term "culpability" in the same sense as 18 Pa.Cons.Stat. § 302(b) to mean *mens rea* or intent.

a minimum of recklessness is generally required. However, under 18 Pa.Cons.Stat. § 305(a)(1), this general rule does not apply to "summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense." Since the statute at issue in this case, 75 Pa.Cons.Stat. § 1574, does not expressly prescribe a culpability requirement for the summary offense it creates, it follows under 18 Pa.Cons.Stat. § 305(a)(1) that such a requirement would be recognized by the Pennsylvania Supreme Court only if that court concluded that such a requirement was "consistent with the effective enforcement of the law defining the offense."

With respect to this question, two decisions interpreting the statutory predecessors of 75 Pa.Cons.Stat. § 1574 provide the most helpful guidance. At the time of the first of these decisions, *Moyer Automobile License Case,* 359 Pa. 536, 59 A.2d 927 (1948), the relevant statutory provision was Section 622 of Art. VI of the Vehicle Code of May 1, 1929. Using language notably similar to that now contained in 75 Pa.Cons.Stat. § 1574, this provision made it unlawful for any person to "authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so." [3] The Secretary of Revenue had suspended Moyer's driver's license for violating this provision by permitting his vehicle to be operated by a driver whose license had been revoked. The Court of Common Pleas revoked the suspension, finding that Moyer "had no knowledge or reason to believe that the license ... had been revoked." 359 Pa. at 538, 59 A.2d at 927. The Supreme

Court of Pennsylvania affirmed. In a brief opinion, the court noted that the decision of the lower court could be reversed only for abuse of discretion, that the lower court's finding was "amply" supported by the record, and that there had been "no error of law." *Id.*

One reasonable interpretation—and perhaps the best interpretation—of *Moyer* is that knowledge or reason to know was needed under Section 622 of the Vehicle Code. As the appellant suggests, however, it is possible to read *Moyer* more narrowly. Specifically, it is possible that the Pennsylvania Supreme Court reasoned that even though (or even if) *Moyer* had violated Section 622 and was subject to the penalty prescribed therein, the additional sanction of suspending his license was inappropriate because he lacked knowledge or reason to know.

While this latter interpretation is not ruled out by the *Moyer* opinion, the Commonwealth Court did not adopt it in *Jenks v. Commonwealth,* 6 Pa.Commw. 546, 296 A.2d 526 (1972). There, Jenks' license had been suspended for violating Section 626 of the Motor Vehicle Code, Act of April 29, 1959, P.L. 58, which contained the same essential wording as the provision involved in *Moyer.*[4] On appeal, the Commonwealth Court interpreted *Moyer* to mean that "knowledge plays some role in a § 626 case." 6 Pa.Commw. at 549, 296 A.2d at 528. The court went on to hold that in such a case lack of knowledge or reason to know was an affirmative defense with respect to which the motor vehicle operator had the burden of proof. *Id.* at 550–51, 296 A.2d at 529.

In light of *Moyer* and *Jenks,* we predict that the Pennsylvania Supreme Court would hold that the summary offense and the civil

---

3. The full text of § 622 was as follows:
   No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, *or in violation of any of the provisions of this act.*
   Penalty—Any person violating any of the provisions of this section, shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five ($25) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days.

4. Section 626 stated the following:

No person shall authorize or permit a motor vehicle or tractor owned by him or under his control to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act.
Penalty—Any person violating any of the provisions of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of twenty-five dollars ($25.00) and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than ten (10) days.

liability created by 75 Pa.Cons.Stat. § 1574 includes a culpability requirement. Under 1 Pa.Cons.Stat. § 1922(4), "when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language." Thus, if *Moyer* meant that knowledge or reason to know was needed under the predecessor of 75 Pa.Cons.Stat. § 1574, we must presume that the Pennsylvania legislature intended 75 Pa.Cons.Stat. § 1574 to include a similar requirement.

Admittedly, the presumption contained in 1 Pa.Cons.Stat. § 1922(4) does not apply to *Jenks* because the statute does not cover decisions of the lower courts. However, Pennsylvania case law appears to recognize a broader rule of construction that does apply to lower court decisions. As the Pennsylvania Supreme Court has stated, "[w]here the legislature, in a later statute, uses the same language as used in a prior statute which has been construed by the courts, there is a presumption that the language thus repeated is to be interpreted in the same manner such language had been previously interpreted when the court passed on the earlier statute. *Commonwealth v. Sitkin's Junk Co.*, 412 Pa. 132, 137–38, 194 A.2d 199, 202 (1963). *See also Jones and Laughlin Tax Assessment Case*, 405 Pa. 421, 432–33, 175 A.2d 856, 862 (1961); *Commonwealth v. Crum*, 362 Pa.Super. 110, 114, 523 A.2d 799, 801 (1987); *Commonwealth v. Miller*, 469 Pa. 24, 27–28, 364 A.2d 886, 887 (1976).[5]

The appellant contends that an amendment made when 75 Pa.Cons.Stat. § 1574(a) was under consideration by the legislature shows that neither knowledge nor reason to know was meant to be an element of the statute. The appellant points out that an earlier version of this provision read as follows:

(a) General rule—No person shall authorize or *knowingly* permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

H.Bill 1817, 1975 Sess. (as referred to the Committee on Transportation, Oct. 1, 1975) (emphasis added). The appellant then notes that the word "knowingly" was stricken prior to enactment. This history, however, at most suggests that the legislature did not want to require actual knowledge, which was more than was demanded under the existing statute as construed by *Jenks*. The striking of "knowingly" does not show that the legislature did not want to continue to require at least reason to know or some other lesser degree of culpability.

In conclusion, we predict that the Pennsylvania Supreme Court would hold that civil liability under 75 Pa.Cons.Stat. § 1574 requires proof of some degree of culpability on the part of the owner.[6] Since the district court granted summary judgment for Abeloff and GMAC on the question of negligence, and since the appellant has not challenged that aspect of the district court's decision on appeal, it follows that Abeloff and GMAC

---

**5.** The appellant's argument is not supported by the decisions in *Commonwealth v. Hickey*, 136 Pa.Commw. 223, 582 A.2d 734 (1990), and *Burkholder v. Scanlon*, 80 Del. County Rep. 1 (1993), *appeal docketed*, No. 01925PHL93 (Pa.Super.1993). In *Hickey*, the majority did not decide whether civil liability under 75 Pa.Cons.Stat. § 1574 required culpability. Instead, the majority relied on other grounds in holding that there was no civil liability. Only the concurring judge addressed the question of culpability, and he held that knowledge or reason to know was necessary. 136 Pa.Commw. at 231–32, 582 A.2d at 738 (Doyle, J., concurring). In *Burkholder*, the court quoted *Jenks's* holding with apparent approval. 80 Del. County Rep. at 4. While the court held that the company that owned the motor vehicle was civilly liable, the court noted that the company had "made no effort to assure itself that [the operator] was a licensed driver." *Id.*

The appellant's position is supported by *Dickerson v. Maione*, 73 Westmoreland L.J. 135, 13 Pa.D. & C.4th 195 (1991), but we do not think the Pennsylvania Supreme Court would follow this decision. The *Dickerson* court concluded that knowledge is needed for conviction for the summary offense but not for civil liability, *id.* at 136, 13 Pa.D. & C.4th at 196–97, and as we have explained we do not believe that this interpretation can be reconciled with the structure of 75 Pa.Cons.Stat. § 1574.

**6.** It is not necessary for us to predict whether the Pennsylvania Supreme Court would require knowledge or reason to know (the terminology employed in *Moyer* and *Jenks*), or whether it would require one of the degrees of culpability set out in 18 Pa.Cons.Stat. § 302(b). For present purposes it is enough for us to predict that some type of culpability requirement would be recognized.

bore no degree of culpability.[7] Accordingly, the district court's decision to grant summary judgment to the defendants on count II must be affirmed.

---

7. Because we affirm on this ground, we need not reach the alternative bases for affirmance advanced by the appellees.