Omolo v. Garland

BIA
Ruehle, IJ
A206 471 505

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-one.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

FELIX OTIENO OMOLO,
> *Petitioner,*

v.                                             18-3052
                                               NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          Frederick P. Korkosz, Albany, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

**FOR RESPONDENT:** Brian M. Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Felix Otieno Omolo, a native and citizen of Kenya, seeks review of a September 24, 2018 decision of the BIA affirming a November 16, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Felix Otieno Omolo,* No. A 206 471 505 (B.I.A. Sept. 24, 2018), *aff'g* No. A 206 471 505 (Immig. Ct. Buffalo Nov. 16, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder,* 562 F.3d 510, 513 (2d Cir. 2009).

2

As an initial matter, our jurisdiction to review the agency's denial of Omolo's asylum application as untimely filed more than one year after his arrival in the United States is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). His argument that the agency erred in its determination that his 2015 application was not filed within a reasonable time following alleged changes in Kenya in 2012 and 2013 is a challenge to the agency's factfinding and not subject to review. *See Joaquin-Porras v. Gonzales*, 435 F.3d 172, 180 (2d Cir. 2006).

We find no error in the agency's denial of withholding of removal and CAT relief. In the absence of past persecution, Omolo had the burden to show he was "more likely than not" to be persecuted in the future on account of his Christian religion. 8 C.F.R. § 1208.16(b)(2), (3)(i); *see also* 8 U.S.C. § 1231(b)(3)(A). Omolo did not allege that he would be singled out individually, and thus he had to show a "pattern or practice of persecution of a group of persons similarly situated to [him]." 8 C.F.R. § 1208.16(b)(2)(i). Absent past persecution, an applicant cannot meet his burden

3

where he can safely relocate within his country to avoid persecution, and it would be reasonable to expect the applicant to do so under all the circumstances. *Id.* § 1208.16(b)(2).

Omolo alleged that the Al-Shabaab terrorist group persecutes Christians in Kenya. To establish a pattern or practice of persecution, he had to demonstrate that the harm to that group constitutes persecution, is perpetrated or tolerated by state actors, and is "systemic or pervasive." *In re A-M-,* 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see also Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (persecution by private actors requires showing that government is "unable or unwilling to control" those actors (internal quotation marks omitted)).

The record supports the IJ's conclusion that Omolo failed to make this showing. The State Department's 2016 Country Report and International Religious Freedom Report reflect that Al-Shabaab directed attacks against security officers and government institutions, that attacks occurred in isolated areas of Kenya, and that the government had engaged in successful efforts combatting Al-Shabaab. Significantly,

4

these reports do not describe Al-Shabaab as targeting Christians in or near Nairobi, where Omolo's family lives and practices Christianity openly. *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (upholding denial of pattern or practice claim where evidence reflected that violence was not nationwide and that Catholics in many parts of Indonesia were free to practice their faith); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149, 169–70 (2d Cir. 2008) (finding no error in agency's requirement that applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality). Omolo's remaining evidence does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

Omolo's failure to show persecution of Christians in his area of Kenya is dispositive because he had the burden to show that he would "more likely than not" be persecuted. 8 C.F.R. § 1208.16(b)(2), (3)(i). Because Omolo failed to meet his burden of proof for withholding of removal, he "necessarily" failed to meet his burden of proof for CAT relief because both claims relied on the same factual basis. *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

5

For the foregoing reasons, the petition for review is DISMISSED as to asylum and DENIED in remaining part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
